UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


FEDERAL ENERGY REGULATORY            )
COMMISSION,                          )
                                     )
        Petitioner,                  )    CIVIL ACTION NO.
                                     )    13-13054-DPW
    v.                               )
                                     )
RICHARD SILKMAN, and                 )
COMPETITIVE ENERGY SERVICES, LLC,    )
                                     )
        Respondents.                 )

and related matter

FEDERAL ENERGY REGULATORY            )
COMMISSION,                          )
                                     )
        Petitioner,                  )    CIVIL ACTION NO.
                                     )    13-13056-DPW
    v.                               )
                                     )
LINCOLN PAPER AND TISSUE, LLC,       )
                                     )
        Respondent.                  )


            MEMORANDUM AND ORDER REGARDING TRANSFER
                        April 11, 2016

    I have kept the motions to dismiss in these two cases arising out of federal agency enforcement actions against entities in Maine under advisement pending a decision by the Supreme Court this term regarding the authority of the petitioner Federal Energy Regulatory Commission to prosecute such actions.  In the interim, the respondent in Civil Action No. 13-13056, Lincoln Paper and Tissue, LLC, filed for relief in

the Bankruptcy Court for the District of Maine. *In re: Lincoln Paper and Tissue, LLC*, No. 15-10715 (Bankr. D. Me, Sept. 28, 2016). Last week Judge Cary ruled in the bankruptcy case that this District Court Enforcement Case is not stayed under the Bankruptcy Code. *Id.* (Dkt. No, 495) (Bankr. D. Me. Apr. 5, 2016).

As reflected in the Memorandum and Order Regarding Motions to Dismiss issued today in this matter, after consideration of the Supreme Court's decision in *Federal Energy Regulatory Comm. v. Electric Power Supply Ass'n*, No. 14-840, 2016 WL 280888 (U.S. Jan. 25, 2016), I have denied the respondents' motions. The defendants' motions to dismiss having been denied and, with the cloud of a possible complete bankruptcy stay lifted regarding Civil Action No. 13-13056, the two cases are now both in a posture to resume their travel. I have concluded that the travel of the cases should continue in the District of Maine and consequently will order transfer to that District for further proceedings.

With the issuance of the Memorandum and Order Regarding Motions to Dismiss today, I have provided all the return I can offer on the investment of judicial resources the parties and I have made to date in the District of Massachusetts. The cases are now fully framed by that Memorandum and Order and passing

the cases on to a new judicial officer will be seamless at this point.

When motion to dismiss practice began before me, I denied a motion to transfer to the District of Maine filed by the defendant in Civil Action No. 13-13054 (at a point when the defendant in Civil Action No. 13-13056 had indicated an intent also to file its own motion to transfer) "without prejudice . . . until I decide what the character of the case is going to be here."  Dkt No. 24 (Apr. 3, 2014 Tr. at 14).  While I then indicated I would await motions to transfer being renewed and a fuller idea of what form the litigation of the cases would ultimately take, e.g. record review or trial, it is now clear to me that the District of Maine is the best venue for the litigation to continue in whatever form it may take.

As is apparent from the Memorandum and Order Regarding Motions to Dismiss, the center of gravity for these cases is business activity in the District of Maine.  Maine is where the defendants are located and is as convenient to the plaintiff federal agency as the District of Massachusetts, whether in the Eastern (Boston) or Western (Springfield) Divisions.  The weight of the evidence, both documentary and witnesses, is found in Maine.  The Bankruptcy Court for the District of Maine is an adjunct of the United States District Court for the District of

3

Maine which has generally referred bankruptcy cases to the Bankruptcy Court. D. Me. Local Rule 83.6. To the degree that further proceedings occur regarding matters in the Bankruptcy Court, the District of Maine is ultimately in a position to coordinate matters — including, if necessary and appropriate — by revoking aspects of the reference in the *Lincoln Paper and Tissue* Chapter 11 matter to take on disputed issues directly.[1]

---

[1] In his oral opinion from the bench in the bankruptcy action, Judge Cary offered alternative grounds for treating the automatic bankruptcy stay as inapplicable to this case. First, he concluded the stay was inapplicable because the police regulatory power exceptions to an automatic stay provide statutory relief. Second, he concluded that he could grant judicial relief to "allow FERC to continue forward in the Massachusetts District Court enforcement actions." *In re Lincoln Paper and Tissue, LLC*, No. 15-1075 (Bankr. D. Me. Apr. 5, 2016) (Tr. At 7).
   Judge Cary, however, also emphasized his decision is not an unlimited ticket for FERC to pursue the debtor.
> FERC is permitted to prosecute the Massachusetts District Court enforcement action pursuant to 31(d) of the Federal Power Act which is set forth at 16 U.S.C. § 823b(d)(3)(B). FERC is not entitled to pursue any property of the estate or any property held by Lincoln by virtue of this order today. If FERC seeks such further relief; for example if it wishes to pursue an action pursuant to section 823b(d)(5), it must, as it conceded at the hearing last week, seek further relief from stay.

*Id*. at 8.
   I note further that the transcript of the hearing before Judge Cary also reflects that the parties have meanwhile made considerable progress toward settlement. *Id*. Tr. at 3-4. Such a settlement would be subject to judicial approval in the District of Maine.

Accordingly, finding at this stage of the proceedings it to be in the interests of justice and the convenience of parties and witnesses, I hereby direct that these cases be transferred to the District of Maine pursuant to 28 U.S.C. § 1404(a).

>                                    */s/ Douglas P. Woodlock*_____
>                                    DOUGLAS P. WOODLOCK
>                                    UNITED STATES DISTRICT JUDGE

5