UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FEDERAL ENERGY REGULATORY COMMISSION, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 1:16-cv-00205-JAW |
| RICHARD SILKMAN, et al., | ) ) ) | |
| Respondents. | ) | |

**ORDER DENYING MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL**

Concluding that whether *United States v. Meyer*, 808 F.2d 912 (1st Cir. 1987) continues to be viable despite the subsequent United States Supreme Court decisions of *Gabelli v. SEC*, 568 U.S. 442 (2013), and *Kokesh v. SEC*, 137 S. Ct. 1635 (2017), does not present a "controlling question of law as to which there is a substantial ground for difference of opinion" under 28 U.S.C. § 1292(b), the Court denies a motion for leave to file interlocutory appeal.

**I.     BACKGROUND**

On January 17, 2019, the Court issued an exhaustive order in which it concluded that FERC had filed its enforcement action on a timely basis, denied the Respondents' motion for summary judgment and granted FERC's motion for partial summary judgment. *Order on Mots. for Summ. J.* (ECF No. 155) (*Order*). On January 24, 2019, the Respondents filed a motion for leave to file interlocutory appeal. *Resp'ts' Mot. for Interlocutory Appeal* (ECF No. 159) (*Resp'ts' Mot.*). On

February 7, 2019, FERC filed its opposition to the Respondents' motion. *Pet'r's Opp'n to Mot. for Interlocutory Appeal* (ECF No. 160) (*Pet'r's Opp'n*). On February 14, 2019, the Respondents filed their reply. *Resp'ts' Reply Br. in Support of Mot. for Interlocutory Appeal* (ECF No. 161) (*Resp'ts' Reply*).

## II. LEGAL STANDARDS FOR INTERLOCUTORY APPEAL

Section 1292(b) of title 28 provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The First Circuit has interpreted § 1292(b) as imposing three requirements for a district court to grant leave to file an interlocutory appeal: (1) it must involve "a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) for which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (quoting § 1292(b)). "Certifications under § 1292(b) are not looked upon with favor by the First Circuit." *Lawson v. FMR LLC*, 724 F. Supp. 2d 167, 168 (D. Mass. 2010). In fact, the First Circuit described appeals proper under § 1292(b) as "hens' teeth rare." *Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004).

2

The First Circuit has "repeatedly emphasized that 'interlocutory certification under § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.'" *Caraballo-Seda*. 395 F.3d at 9 (quoting *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986) (quoting *McGillicuddy v. Clements*, 746 F.2d 76 n.1)). The First Circuit has a decided preference "against piecemeal litigation" and is cognizant of "prudential concerns about mootness, ripeness, and lengthy appellate proceedings." *Id.*

## III. THE PARTIES' POSITIONS

### A. The Respondents' Motion

The Respondents point out that they have met two of the criteria for an interlocutory appeal in that if they are correct on the statute of limitations issue, a "reversal would terminate the action," *Resp'ts' Mot.* at 2 (quoting *Meijer, Inc. v. Ranbaxy Inc.*, 245 F. Supp. 3d 312, 315 (D. Mass. 2017), and that "the requirement that an appeal will materially advance the ultimate termination of the litigation is closely tied to the controlling-question-of-law element." *Id.* at 4 (quoting *Meijer*, 245 F. Supp. 3d at 315).

As for the third criterion, the "substantial ground for difference of opinion," the Respondents urge the Court to conclude that there is such a substantial difference, noting that two courts ruled in their favor, while a third court reached the same result as this Court but granted a motion for interlocutory appeal. *Id.* at 4. The Respondents maintain that the situation in which "the district court feels compelled

3

to follow a circuit court precedent that the losing party argues has been superseded by subsequent Supreme Court precedent" offers "one of the most compelling circumstances for allowing an interlocutory appeal to allow the First Circuit to sort out which Supreme Court precedent governed in a preemption case." *Id.* at 6.

The Respondents draw support from *FERC v. Powhatan Energy Fund, LLC*, 345 F. Supp. 3d 682 (E.D. Va. 2018), where the district court ordered a brief stay of its order on the same issue to allow the parties to pursue, if they chose to do so, an interlocutory appeal to the Fourth Circuit Court of Appeals. *Id.* at 711. Then, on November 5, 2018, the Fourth Circuit granted the petition for permission to appeal. *Notice of Supp. Information* attach. 1, *Order of Court of Appeals for the Fourth Circuit* (Nov. 5, 2018) (ECF No. 154). There is no indication that the Fourth Circuit has issued an opinion on the interlocutory appeal in *Powhatan*.

### B. FERC's Position

In its opposition, FERC emphasizes the spare and exceptional use of interlocutory appeals. *FERC Opp'n* at 1-2. FERC cited this Court's decision in *United States ex rel. McDermott v. Genentech, Inc.*, 518 F. Supp. 2d 289, 290-92 (D. Me. 2007), as an apt example of how the Respondents' motion for leave to file interlocutory appeal should be analyzed. *Id.* at 2-3. FERC maintains that this Court properly concluded that *United States v. Meyer*, 808 F.2d 912 (1st Cir. 1987) is still "controlling caselaw in the First Circuit." *Id.* at 4-5. It also says that there is no "substantial ground for difference of opinion" as required by 28 U.S.C. § 1292(b). *Id.* at 5-9.

4

Arguing that the Respondents may not have met the third prong of § 1292(b), FERC notes that the Respondents have not identified the precise question they wish to present on appeal. *Id.* at 2 n.1. In FERC's view, depending on what issues the Respondents present to the First Circuit and what issues the First Circuit resolves, the appeal might or might not resolve all pending litigation. *Id.*

C.     **The Respondents' Reply**

The Respondents contend that FERC is making "two arguments that are at war with each other." *Resp'ts' Reply* at 1. On the one hand, the Respondents say, "FERC argues that the Court should deny the motion for interlocutory appeal because the Court's statute of limitations ruling is correct under [*Meyer*]." *Id.* On the other hand, Respondents contend, "FERC argues that the Court should deny the motion . . . because neither the Supreme Court nor the First Circuit has *expressly* overruled *Meyer*." *Id.* (emphasis in Respondents' reply). Respondents posit that it is "the entire point of an interlocutory appeal," namely "the First Circuit should be given the opportunity to consider the continuing correctness of *Meyer* on this threshold, dispositive issue in light of the subsequent, unanimous Supreme Court decisions in *Gabelli v. SEC*, 568 U.S. 442 (2013), and *Kokesh v. SEC*, 137 S. Ct. 1635 (2017)." *Id.* at 1-2.

The Respondents distinguish other cases in which this Court denied motions for leave to file interlocutory appeal as not involving intervening Supreme Court authority. *Id.* at 2-3. The Respondents argue that even if this Court may not overrule *Meyer*, "the First Circuit certainly can." *Id.* at 3.

5

Answering FERC's argument that the First Circuit can always address the statute of limitations issue after the litigation has run its course, the Respondents note that "two Maine papermills FERC also sued went bankrupt before they could litigate this issue to final judgment." *Id.* at 5. They urge the Court to allow the resolution of "this dispositive, threshold issue *now*." *Id.* (emphasis in original). Citing the specter of *Bleak House*[1], the Respondents write "the First Circuit should be given the opportunity to revisit *Meyer* in light of *Gabelli* and *Kokesh*." *Id.* at 6.

## IV. DISCUSSION

In its January 4, 2019 order on the motions for summary judgment, the Court extensively analyzed the Respondents' contention that the Supreme Court cases of *Gabelli* and *Kokesh* effectively overruled the First Circuit decision in *Meyer* and concluded that *Meyer* remains good law in this Circuit. The Court can do no better today in explaining its reasoning than it did in January. *Order* at 1-94.

What is before the Court is not a motion for reconsideration where a party asks the same court to revisit its own opinion. If it were, the Court would have little difficulty affirming itself under the standards for a motion for reconsideration. D. ME. LOC. R. 7(f) ("manifest error of fact or law"). The Respondents have not presented any arguments in the pending motion they did not raise in the dispositive motions and there would be no reason for this Court to second-guess itself.

Rather, the Respondents filed a motion for leave to file interlocutory appeal, where a party asks a trial court to allow the appellate court to take the case out of

---

[1] CHARLES DICKENS, BLEAK HOUSE (1853).

6

order, stop proceedings in the trial court, and wait for the appellate court to rule. Section 1292(b) of title 28 contains its own substantial restrictions against interlocutory appeals, requiring "a controlling question of law" as to which there is "substantial ground for difference of opinion" and that an immediate appeal from the order "may materially advance the ultimate termination of the litigation." To these rigorous statutory standards, the First Circuit added that a district court should not easily grant a motion for leave to file an interlocutory appeal because of concerns about piecemeal litigation, delay in the disposition of the underlying lawsuit, and mootness. *Caraballo-Seda*, 395 F.3d at 9.

Skipping over the first two issues on the assumption that the Respondents are clever enough to present the First Circuit with an argument that, if accepted, would dispose of the case, the Court turns to the heart of this motion: whether there truly is "a controlling question of law" as to which there is "substantial ground for difference of opinion." This issue focuses on how confident this Court is that *Gabelli* and *Kokesh* have not eclipsed *Meyer*. Even though the Respondents presented an exceptionally well-written argument, the Court is simply not convinced that the *Gabelli* and *Kokesh* are directly on point and that their dicta undermine the First Circuit's holding in *Meyer*.

The Court acknowledges that the issue, for the purposes of interlocutory appeal, is not the same as whether this Court would be bound by First Circuit precedent. As the Court described in its order, a district court owes its allegiance to binding authority from its controlling circuit court. *Order* at 89. Here, the Court was

7

not and is not convinced that *Gabelli* and *Kokesh* "unmistakably . . . cast [*Meyer*] into disrepute." *Eulitt v. Me. Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004). But the First Circuit itself is slightly freer to loosen the bounds of stare decisis. *Id.* ("[A] panel of the court of appeals has some flexibility, modest though it may be, with respect to its own precedents"). Even so, First Circuit panels approach prior First Circuit precedent knowing that "our precedent-based system of justice places a premium on finality, stability, and certainty in the law." *Id.* (quoting *Stewart v. Dutra Constr. Co.*, 230 F.3d 461, 467 (1st Cir. 2000)).

The "most well-known exception" to the rule of stare decisis occurs when "[a]n existing panel decision [is] undermined by controlling authority, subsequently announced, such as the opinion of the Supreme Court." *United States v. Holloway*, 630 F.3d 252, 258 (1st Cir. 2011) (quoting *Igartúa v. United States*, 626 F.3d 592, 603 (1st Cir. 2010) (quoting *Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 592 (1st Cir. 1995)). As this Court explained in its order, the Court simply does not agree with the Respondents' argument that the Supreme Court has overruled *Meyer* and doubts that the First Circuit would conclude that it has.

The opinion of the district court of the Eastern District of Virginia in *Powhaten* to certify an interlocutory appeal to the Fourth Circuit and the Fourth Circuit's acceptance of that appeal give this Court some pause. This Court could certify the question and wait with the parties to see whether the First Circuit in its discretion accepted the appeal. Certainly, such an approach would end up satisfying the Respondents, if dissatisfying FERC. But, neither the district court in Virginia nor

8

the Fourth Circuit is bound by *Meyer* and, even though certification to appease the earnest arguments of a party has a certain attractiveness, the Court cannot do so in good conscience within the constraints imposed by statute and caselaw because it still believes that *Meyer* is good law and that the First Circuit would join this Court in that conclusion.

V.  **CONCLUSION**

The Court DENIES the Respondents' Motion for Interlocutory Appeal (ECF No. 159) because the issues the Respondents wish to present to the Court of Appeals for the First Circuit do not meet the statutory criteria of 28 U.S.C. § 1292(b) as restrictively interpreted by the First Circuit.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2019